# EMILIO CASAS

## *v.*

# INSULAR LINE.

San Juan, Law, No. 477.

Plaintiff was employed in checking freight being loaded on a steamer, and started to walk across some loose planks covering a hatchway; one of the planks tipped or slipped and plaintiff fell and was injured. Held: An instruction for the defendant was proper.

Case tried November 6, 1907.

*Mr. Frank Antonsanti,* attorney for plaintiff.

*Mr. Henry F. Hord* and *Messrs. Hartzell & Rodriguez Serra,* attorneys for defendant company.

Instructions by RODEY, Judge:

This is a suit for personal injury with damages laid at the sum of $10,000. The plaintiff, a man about forty-four years of age, was a checking clerk on board one of defendant's steam-ships, checking sugar that was being loaded through the hatch-ways on the night in question. He was standing in the second hold of the vessel, checking the sugar as it was lowered by the derricks and piled up by the laborers. After they had filled the hold immediately below the one in question, the workmen put planks over its hatchway and then proceeded to fill the hold in

IV. PORTO RICO—5.

*Casas v. Insular Line.*

question immediately above. These planks had been in position about an hour and a half, and the workmen had repeatedly walked over them in passing to and fro. Finally, when the hold became filled on the side that the workmen and checker occupied, plaintiff started to cross over to the other side, to check a derrick load of sugar that had just been lowered. One of the planks thus covering the hatchway either tipped over or slipped off one end of the hatchway, and he fell through as far as his arms, when some of the men caught him and pulled him back. He was injured more or less severely.

The evidence, while slightly conflicting, was that there was a sufficient light in the hold at the time; that the laborers and plaintiff had walked to and fro over this same hatch cover several times during the hour and a half it was so covered; that they were all there together, and put the planks in place or saw them put in place, and that the position of the planks over the hatchway was in plain sight of any person crossing. On this state of facts the defendant moved for an instruction for the following reasons:

(1) That plaintiff has wholly failed to show by the evidence any negligence whatsoever on the part of the defendant company which in any wise might have contributed to the happening of the accident in question.

(2) That there is no evidence in the case that the ways, works, or machinery in use on the ship at the time of the happening of the accident were out of repair, or that there was any negligence of the defendant with reference to such ways, works, or machinery; and also that there is no evidence in the case of negligence on the part of any employee of the defendant company whose particular duty was that of superintendence; and

furthermore, that there is in fact no evidence of negligence of any kind on the part of any employee of defendant that could render it liable.

(3) That, from the evidence in the case, considered as a whole, the negligence, if any negligence is apparent, is that of plaintiff himself in going over this hatchway, with its conditions in plain view, under the light as testified to, without proper care or caution, and this, too, in a place where the plaintiff was as much charged with the duty of knowing where he was going as any other person.

Which motion the court, on the whole, felt constrained to agree with, and therefore instructed the jury for the defendant.